UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY BROOKS WINNING,

    Petitioner,

v.                                          Case No. 8:21-cv-2091-CEH-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

This matter is before the Court on review of the file. The Court finds that because counsel for Petitioner represented Petitioner in his state Rule 3.850 post-conviction proceedings (*see* Doc. 6-2, Exs. 18, 22), and given *Martinez v. Ryan*, 566 U.S. 1 (2012) (holding that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceedings, there was no counsel or counsel in that proceeding was ineffective."), the circumstances of this case warrant the Court considering *sua sponte* whether an actual conflict exists sufficient to disqualify counsel from representing Petitioner in this action. *See United States v. Diaz-Rosado*, 725 F. App'x 847, 854 (11th Cir. 2018) ("Courts are permitted, and

1

sometimes required, to inquire into a potential conflict of interest."); *Gray v. Pearson*, 526 Fed Appx. 331, 334 (4th Cir.2013) ("a clear conflict of interest exists in requiring Gray's [federal habeas] counsel to identify and investigate potential errors that they themselves may have made in failing to uncover ineffectiveness of trial counsel while they represented Gray in his state post-conviction proceedings[.]"); *Allen v. Stephens*, 619 F. App'x 280, 290 n.10 (5th Cir. 2015) (A "potential conflict" arises when an inmate "had the same counsel for both his state and federal habeas proceedings."); *Rhines v. Young*, 2015 WL 4651090, at *5 (D.S.D. Aug. 5, 2015), *aff'd*, 899 F.3d 482 (8th Cir. 2018) (noting that "the Fourth and Fifth Circuits. . .have recognized that a conflict of interest can arise when a petitioner's initial-review collateral proceeding counsel and federal habeas proceeding counsel are the same."); *Taylor v. Myles*, 2015 WL 1307308, at *2 (D. Nev. Mar. 23, 2015) ("[P]ost-*Martinez*, federal habeas counsel who ha[s] served as state postconviction counsel necessarily ha[s] a conflict of interest because such counsel would have the duty to examine whether there were (a) possible additional claims of ineffective assistance of ... counsel that (b) were not pursued by state postconviction counsel through inadequate assistance." (citation and internal quotation marks omitted)).

    Accordingly:

    1. Within thirty (30) days of this order, both parties must file supplemental memoranda addressing whether a conflict of interest exists by virtue of counsel's continued representation of Petitioner in this action and, if so, how it shall be

resolved.

2. This action is **STAYED** pending the filing of the supplemental memoranda and resolution of the conflict-of-interest issue.

3. The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on August 26, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copy to: Counsel of Record